UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAKHAN JHA and MINAKSHI KUMARI,

Plaintiff,

v.

MICHAEL WILLIAM PIEPKORN, and
RODNEY T. HARMON and SUZZANE
HARMON, husband and wife,

Defendants.

Case No. C25-2044RSM

ORDER OF DISMISSAL

Plaintiffs Lakhan Jha and Minakshi Kumari, represented by counsel, filed this case on October 20, 2025, against Defendants Michael Piepkorn, Rodney T. Harmon, and Suzzane Harmon. Dkt. #1. The Complaint was later amended. Dkt. #5. Ten days later, Defendants moved for summary judgment and, later, sanctions. Dkts. #8 and #10. Plaintiffs moved to strike, essentially arguing that the Motion for Summary Judgment was premature because it occurred before the Rule 26(f) conference. Dkt. #11. Plaintiffs never filed a response to the Motion for Summary Judgment. *See* Dkt. #17.

On March 30, 2026, the Court reviewed all of these filings and ordered the parties to "show cause why the Court has subject matter jurisdiction over Plaintiffs' claims and why Plaintiffs' FDCPA claim should not be dismissed and the remainder of the claims remanded to state court for the reasons presented in Defendants' Motion for Summary Judgment." Dkt. #18. Responses from the parties were due on April 2, 2026. Plaintiffs did not file a timely Response; Defendants stated that a response was not necessary and that the Court could rely on the arguments in their Motion for Summary Judgment. *See* Dkts. #19 and #20.

ORDER OF DISMISSAL - 1

The Amended Complaint alleges Defendants wrongfully collected a debt based on "a dispute in King County Superior Court that resulted in two judgments issued against Plaintiff." Dkt. #5 at 1. Plaintiffs state that "even though [they] had posted a cash deposit for an appeal of the judgments, Piepkorn still continued to pursue collections efforts even though he was prohibited from doing so under Washington law." *Id*.  Plaintiffs assert causes of action for declaratory relief, violation of the federal Fair Debt Collection Practices Act ("FDCPA"), violations of the Washington State Collections Agency Act and Consumer Protection Act, and for unjust enrichment under state law. *Id.*

Defendants argue on summary judgment that "the FDCPA does not apply to collection of these judgments" and that "the other claims are state law claims for which they assert [the Court has] supplemental jurisdiction." Dkt. #8 at 1–2.  Defendants assert that the underlying state court action was a "quiet title case" based on Plaintiffs unsuccessfully seeking to establish title by adverse possession of a disputed area of Defendant Piepkorn's property."  *Id*. at 2 (citing exhibits).  Defendants argue that the FDCPA cannot apply to this kind of debt, citing, *inter alia*, *Leadbetter v. Comcast Cable Communications, Inc.*, No. C05-0892RSM, 2005 U.S. Dist. LEXIS 45365, 2005 WL 2030799 (W.D. Wash. Aug. 22, 2005) and *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter but "only determine[s] whether there is a genuine issue for trial."  *Crane v.*

ORDER OF DISMISSAL - 2

*Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Federal Rule of Civil Procedure 12(h)(3) provides that the Court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. This issue can be raised directly by the Court without a motion by a party. District courts have discretion to exercise or decline supplemental jurisdiction upon consideration of "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). While "in a case in which all federal claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims . . . this[ ] is not a mandatory rule to be applied inflexibly in all cases." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). However, the Ninth Circuit has noted that judicial economy typically weighs most heavily in a trial court's analysis. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir.1990) ("[I]t is the district judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point.").

ORDER OF DISMISSAL - 3

The Court finds that Plaintiffs' FDCPA claim is properly dismissed on summary judgment for the reasons argued by Defendants.  Specifically, it is undisputed that the debt at issue was related to a state court judgment in a quiet title case and not a commercial transaction.  A threshold issue in an FDCPA case "is whether or not the dispute involves a 'debt' within the meaning of the statute."  *Turner*, 362 F.3d at 1226-27 (citing *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001)). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgement." 15 U.S.C. § 1692a(5).  The statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Turner*, 362 F.3d at 1227.  Dismissal of the FDCPA claim is appropriate now, given the unusual procedural history and nature of the claims in this case, and because Plaintiffs failed to respond to the motion for summary judgment.

The Court declines to entertain supplemental jurisdiction over the remaining state claims or to award sanctions to either party.  This dispute properly belongs in state court.

Accordingly, the Court hereby finds and ORDERS that Plaintiffs' claims are DISMISSED as stated above.  Defendant's Motion for Summary Judgment, Dkt. #8, is GRANTED IN PART as stated above.  All other pending Motions are DENIED as MOOT. This case is CLOSED.

DATED this 6th day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4